THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARCHIE SHALLENBERGER, Respondent-Appellant.

(No. 73-20; ▌▌▌▌▌▌)

Third District—July 31, 1974.

James R. Brodie, of Pekin, for appellant.

Jay H. Janssen, Assistant State's Attorney, of Pekin, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Respondent-appellant, Archie Shallenberger, was charged with the violation of probation alleging commission of three offenses of criminal damage to property. The circuit court of Tazewell County after a hearing found the respondent had violated his probation by committing the offenses charged, and as a consequence thereof his probation was extended for a period of 2 years and additional conditions were attached thereto.

This is a related case to that of *People v. Grashoff*, 21 Ill.App.3d 282 in that the respondent in the instant case like the defendant in the *Grashoff* case was one of the passengers in a motor vehicle stopped by police officers on April 24, 1972, and the occupants arrested and charged with criminal damage to property. This case was tried separately and because of its nature was heard by the court without a jury. The evidence adduced was substantially the same as that presented in the *Grashoff* case, and the same errors are urged on this appeal as those considered in the *Grashoff* case. The description of the occurrence, the nature of the evidence, the errors urged on appeal and our consideration thereof are adequately set forth in the *Grashoff* opinion and need not be repeated.

For the reasons stated in the *Grashoff* case which are équally applicable to the errors urged in this case, we hold the court erred in admitting exhibits. Further we hold the evidence is insufficient to support the judgment of the court on the theory of accountability, the basis of the charges against the respondent in the instant case.

For the foregoing reasons the judgment of the circuit court of Tazewell County revoking respondent's probation and granting him an extended term of probation under different terms and conditions is reversed.

Judgment reversed.

SCOTT, P. J., and DIXON, J., concur.